STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          Docket No. CV-02-158
                                        AMM- PEN- 2/17/2004

GARY HENNEBERRY,              )
              Plaintiff,      )
                              )
                              )         **DECISION AND ORDER**
                              )         **ON SUMMARY JUDGMENT**
         v.                   )
                              )
                              )        ┌─────────────────────────┐
BROGUE FINANCIAL             )         │   FILED & ENTERED        │
SERVICES, et als.,           )         │   SUPERIOR COURT         │
              Defendant.     )         │                          │
                                       │      FEB 17 2004          │
                                       │                          │
                                       │   PENOBSCOT COUNTY       │
                                       └─────────────────────────┘

                              FACTS

        The Plaintiff owns rental properties within the city of Bangor. He sought insurance and financing for premiums for the policies on these properties through Defendant Brogue Financial Services, Inc. (herein "Brogue"). A premium financing agreement (herein, "PFA") was obtained through Defendant Universal Premium Acceptance Corporation (herein, "UPAC"). A policy of insurance was secured with Defendant Monticello Insurance Company (herein "Monticello") which was arranged through their Maine sales representative, Defendant Swett & Crawford of Maine, Inc. (herein "Swett & Crawford).

        As part of the PFA, Plaintiff appointed UPAC to serve as his attorney in fact for the limited purposes of payment of premiums and cancellation. The PFA provides that the failure to make any installment payment shall be deemed an election by Plaintiff to cancel the policy. The agreement further expressly states that neither the insurance company nor its agents or brokers are agents of UPAC and have no authority to bind it to any legal obligation. All parties received notice of UPAC's power of attorney.

        On June 25, 2000, Monticello renewed Plaintiff's insurance policy for the properties noted above (the coverage was first written in 1999). The policy term was to run from June 25, 2000, to June 25, 2001. The premium for this coverage was paid by UPAC pursuant to the PFA noted above. Plaintiff was to make periodic payments to UPAC as determined by the financing agreement.

        During the Summer of 2000, the policy was cancelled for non-payment and later reinstated at UPAC's request after Plaintiff brought his payments up to date (the reinstatement occurred on September 9, 2000). Plaintiff was cautioned by Swett & Crawford that any further cancellations would not result in reinstatements.

        On September 18, 2000, UPAC sent a request for cancellation of the above noted policy to Swett & Crawford (as sales agent for Monticello) pursuant to the power of

attorney. This request, which was received by Swett & Crawford on September 25, 2000, was predicated again upon the failure of Plaintiff to make timely premium payments. A notice of cancellation was duly mailed by Swett & Crawford, on behalf of Monticello, to the Plaintiff on September 26, 2000. The notice warned that the policy would be cancelled effective October 13, 2000, at 12:01 a.m. The mailing, the fact of which is not contested, was made to the address listed in Plaintiff's applications for insurance. Monticello did, in fact, cancel the policy on October 13, 2000 at 12:01 a.m.

On September 26, 2000, Plaintiff tendered a payment to Brogue for the arrearage to date, but did not include funds for the next payment which was due days later. Although Brogue reports mailing the payment to UPAC, UPAC denies ever receiving the check. The funds reflected in Plaintiff's check have never been debited from his bank account. Even if the funds had been received in due course, the payment would not have brought the Plaintiff current on his arrearage <u>and</u> his current obligation. On October 31, 2000, UPAC sent a letter to Plaintiff indicating that it had not received sufficient payment to justify reinstatement of the policy. Plaintiff asserts that he did not receive any of the letters or notice sent to him as noted above.

A fire loss occurred on the Plaintiff's previously insured properties on November 3, 2000. On November 9, 2000, UPAC requested a reinstatement after the cancellation (and after the fire loss), but Monticello declined to reinstate the coverage retroactively. Monticello was under no legal obligation to reinstate Plaintiff's coverage under the circumstances noted above. Plaintiff commenced this action on March 28, 2002. His Amended Complaint, which is dated April 1, 2003, alleges eight counts against the various defendants.[1]

Defendant Monticello moves for summary judgment by motion dated May 1, 2003. Defendant UPAC moves for summary judgment by motion dated July 1, 2003. Defendant Swett & Crawford move for summary judgment by motion dated August 20, 2003.

## DECISION

In reviewing a motion for summary judgment, the court is governed by the following standards. It must

> Examine the evidence in the light most favorable to the non-[moving] party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record.

---

[1] - The Amended Complaint, dated November 5, 2002, alleges the following theories of recovery: Count I – Breach of Contract (Monticello); Count II – Breach of Contract (UPAC); Count III – Breach of Fiduciary Duty (UPAC); Count IV – Negligent Misrepresentation (UPAC); Count V – Negligence (Brogue); Count VI – Bad Faith (Swett & Crawford); Count VII – Negligence in Procurement of Insurance ( Brogue); Count VIII – Negligence in Processing of Payments (Brogue).

....

> Where a plaintiff will have the burden of proof on an essential issue at trial, and it is clear that the defendant would be entitled to a judgment as a matter of law at trial if the plaintiff presented nothing more that was before the court at the hearing on the motion for a summary judgment, the court may properly grant a defendant's motion for a summary judgment. To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a *prima facie* case for each element of her cause of action. A judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation.
> Champagne v. Mid-Maine Medical Center, 1998 ME 87; 711 A.2d 844-56 (Me. 1998)

Regarding Plaintiff's claim that Monticello committed a breach of contract (Count I), the record is clear. Upon receiving a properly submitted request for cancellation from the insured's duly appointed attorney in fact, it cancelled the policy. It later declined to reinstate the policy – a decision which was well within its discretion under the contract. The Plaintiff's argument that policy cancellation can be accomplished only by the "...named insured..." is unavailing. The limited power of attorney, which was acknowledged by all parties, allowed UPAC to act as Gary Henneberry – the named insured. Plaintiff's assertions that the cancellation was based upon an "improvident" request lacks any foundation in the record. Plaintiff's baseless allegations that UPAC mishandled the arrearage check have no legal impact upon Monticello and its action in canceling the policy. It received a perfectly appropriate and legally binding request for cancellation complied with the request. The record does not suggest that it was even aware of Plaintiff's inadequate efforts to pay the premium arrearages. Further, the record is equally clear that neither Brogue nor UPAC nor Swett & Crawford are agents of Monticello in any discretionary capacity. **Summary Judgment is granted in favor of Defendant Monticello on Count I..**

Regarding Plaintiff's Claim of Breach of Contract against UPAC (Count II), the record is clear that the Plaintiff was in arrears when the request for cancellation was made. No evidence suggests that payment was received to bring the account current despite Plaintiff's tender of funds to Brogue on September 26, 2000. Absent any other factors, it is clear that UPAC acted utterly appropriately within the scope of the contract between the parties. Plaintiff argues: "If the check was mishandled by UPAC, then any request it made for cancellation of the policy was in error and unjustified and in breach of its contract with Plaintiff. Hence, genuine unresolved issues of fact surround the propriety of the cancellation request by UPAC for 'non-payment' by Plaintiff." As noted below, there is no evidence in the record suggesting that the check's disappearance was any more the fault of UPAC than it was the fault of Brogue or the postal service. Upon this evidence in this record, no trier of fact could justifiably so conclude. Accordingly this theory of mishandling (without any evidence thereof) cannot provide the basis of a breach of contract. Further – and equally importantly – the record does not establish that the tender would have brought the account current and that Monticello would not have cancelled the policy in any event. **Summary Judgment is granted in favor of Defendant UPAC on Count II.**

Regarding Plaintiff's Claim of Breach of Fiduciary Duty against UPAC (Count III), it is clear that Plaintiff and UPAC were not engaged in a fiduciary relationship in any sense of the term. UPAC simply was providing financing to the Plaintiff. No other services or relationships were established by the written agreement between them or the expectations of the parties. The limited power of attorney granted to UPAC by Plaintiff was for the express purposes of payments and cancellation – both of which are clearly undertaken to strengthen and enforce UPAC's right to be repaid funds which it advanced on Plaintiff's sake. **Summary Judgment is granted in favor of Defendant UPAC on Count III.**

Regarding Plaintiff's claim that UPAC committed the tort of negligent misrepresentation (Count IV), Plaintiff alleges that UPAC failed to exercise reasonable care when it reported the amount of arrearages due upon the cancelled policy. Plaintiff asserts that he relied upon this information and that such reliance resulted in damage to him. The record is clear that Plaintiff asked Brogue to ascertain the amount of his arrearage. Brogue contacted UPAC with a request for this figure. UPAC reported the amount ($191.11) to Brogue, and Brogue reported it to the Plaintiff. At the time, the next installment payment was not due, but became due within the ensuing days. Shortly thereafter, Plaintiff tendered only the $191.11, the consequence of which was that he was still in arrears (for the next installment payment) when the payment was tendered. Upon these facts, the Plaintiff makes the implausible argument that UPAC somehow misled him to his detriment by not telling him the amount and date of his next periodic payment due under the contract. On the contrary, UPAC responded to the question tendered with accuracy and specificity. The fact that a "reminder" regarding his contractual installment payments was not included does not render UPAC's actions tortuous in any fashion. **Summary Judgment is granted in favor of Defendant UPAC on Count IV.**

Regarding Plaintiff's Count VI, which alleges bad faith against Swett & Crawford, Plaintiff asserts that Swett & Crawford failed to act in good faith in its dealings with him. It should be noted there is presently no "stand alone" tort of bad faith against an insurer or its agents in Maine. Rather the concept is subsumed in the implied covenant of good faith and fair dealing in the context of insurance contracts. In order to recover upon this theory, the Plaintiff must demonstrate that the Defendant failed to act with honesty or failed to observe reasonable commercial standards of fair dealing.

Swett & Crawford acted in a very limited context in these matters. It received premium payments and communicated directly with the principal insurance carrier. It received a duly authorized cancellation request which it transmitted to the carrier after verifying that there was an outstanding balance on the contract. It sent a notice of these circumstances to the address which Plaintiff had supplied earlier. Plaintiff offers no substantive evidence suggesting any deviation from standards of fair dealing and honesty. **Summary Judgment is granted in favor of Defendant Swett & Crawford on Count VI.**

Counts V, VII and VIII against Brogue are not addressed in this Order and are still viable for trial. As above, all other counts are the subject of summary judgment in favor of the respective Defendants.

The Clerk may incorporate this Decision and Order on Summary Judgment upon the docket by reference.

Dated: February 17, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

GARY HENNEBERRY  - PLAINTIFF
39 BLACKSTONE STREET
BANGOR ME 04401
Attorney for: GARY HENNEBERRY
CHRISTOPHER LARGAY
LARGAY LAW OFFICES
293 STATE STREET
BANGOR ME 04401


Attorney for: GARY HENNEBERRY
JOSEPH MATTHEW PICKERING
LARGAY LAW OFFICES
293 STATE STREET
BANGOR ME 04401


Attorney for: GARY HENNEBERRY
JEFFREY SILVERSTEIN
BILLINGS & SILVERSTEIN
6 STATE STREET, SUITE 605
PO BOX 1445
BANGOR ME 04402-1445



vs
BROGUE FINANCIAL SERVICES INC - DEFENDANT
C/O EDWARD C RUSSELL CLERK 145 EXCHANGE ST SUITE #3
BANGOR ME 04401
Attorney for: BROGUE FINANCIAL SERVICES INC
ELIZABETH GERMANI
GERMANI & RIGGLE, LLC
93 EXCHANGE ST
PORTLAND ME 04101


UNIVERSIAL PREMIUM ACCEPTANCE CORPORATION - DEFENDANT
C/O CORPORATION SERVICE CO 45 MEMORIAL CIRCLE
AUGUSTA ME 04330
Attorney for: UNIVERSIAL PREMIUM ACCEPTANCE
CORPORATIONN
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


SWETT AND CRAWFORD OF MAINE INC - DEFENDANT
C/O SEVERIN M BELIEVEAU CLERK 45 MEMORIAL CIRCLE
AUGUSTA ME 04330
Attorney for: SWETT AND CRAWFORD OF MAINE INC
PHILIP M COFFIN III
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME 04112-5215

DOCKET  RECORD

MONTICELLO INSURANCE COMPANY - DEFENDANT
C/O FREDERICK COSTLOW ESQ P O BOX 2429
BANGOR ME 04402
Attorney for: MONTICELLO INSURANCE COMPANY
FREDERICK COSTLOW
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 08/26/2002

## Docket Events:

08/26/2002 FILING DOCUMENT - COMPLAINT FILED ON 08/26/2002

08/26/2002 Party(s):  GARY HENNEBERRY
            ATTORNEY - RETAINED ENTERED ON 08/26/2002
            Plaintiff's Attorney: CHRISTOPHER LARGAY

08/26/2002 Party(s):  GARY HENNEBERRY
            ATTORNEY - RETAINED ENTERED ON 08/26/2002
            Plaintiff's Attorney: JOSEPH MATTHEW PICKERING

08/26/2002 Party(s):  BROGUE FINANCIAL SERVICES INC
            SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/26/2002

08/26/2002 Party(s):  BROGUE FINANCIAL SERVICES INC
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/12/2002
            OFFICER'S RETURN OF SERVICE AS TO DEFENDANT BROGUE FINANCIAL SERVICES, INC.  (BY:  EDWARD
            RUSSELL, ESQ.)

08/26/2002 Party(s):  SWETT AND CRAWFORD OF MAINE INC
            SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/26/2002

08/26/2002 Party(s):  SWETT AND CRAWFORD OF MAINE INC
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/13/2002
            OFFICER'S RETURN OF SERVICE AS TO DEFENDANT SWETT & CRAWFORD OF MAINE, INC. (BY:  SEVERIN
            BELIEVEAU, ESQ., AGENT)

08/26/2002 Party(s):  UNIVERSIAL PREMIUM ACCEPTANCE CORPORATION
            SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/26/2002

08/26/2002 Party(s):  UNIVERSIAL PREMIUM ACCEPTANCE CORPORATION
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/13/2002
            OFFICER'S RETURN OF SERVICE AS TO DEFENDANT UNIVERSAL PREMIUM ACCEPTANCE CORPORATION.
            (BY:  CORPORATION SERVICE CO., AGENT)

08/26/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 08/26/2002
            FORWARDED TO PLAINTIFF'S COUNSEL.

09/03/2002 Party(s):  BROGUE FINANCIAL SERVICES INC
            RESPONSIVE PLEADING - ANSWER FILED ON 09/03/2002